IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON, | CV 24-46-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| COUNTY OF YELLOWSTONE, TERRY HALPIN, EMILY JO ROARK, TYLER DUGGER, | |
| Defendants. | |

Plaintiff James Morrison filed a Complaint generally alleging the Defendants violated his civil rights in conjunction with his state criminal proceedings and bench trial. (Doc. 2.) As explained below, because Morrison's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), he fails to state a federal claim for relief. The Complaint will be dismissed.

**Screening Under 42 U.S.C. § 1983**

Morrison is a prisoner proceeding in forma pauperis so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

Morrison alleges that Yellowstone County has engaged in bad faith during his prosecution, thus preventing him from receiving a fair trial. (Doc. 2 at 2, 6.) Specifically, he alleges Terry Halpin, Yellowstone County Clerk of District Court, refused to file various *pro se* documents he submitted to the Court. These filings included: motions challenging his denial of a speedy trial, motions to dismiss, a motion for a mistrial, complaints regarding his appointed counsel, and motions for subpoenas. (*Id.* at 3, 6.) Morrison claims Deputy County Attorney Emily Jo Roark withheld evidence, specifically a Billings police report and associated recordings, in order to gain a tactical advantage against Morrison at his bench trial. (*Id.* at 4, 6.) Finally, Morrison alleges Tyler Dugger, his attorney appointed through the Office of the State Public Defender, was aware that the state had withheld information. Morrison states Dugger failed to object to unlawful testimony associated with the withheld evidence and failed to advise Morrison to object to the testimony and/or seek a discovery sanction. (*Id.* at 7.) Dugger's omissions, according to Morrison, were designed to assist the prosecution in obtaining a guilty verdict. (*Id.*)

Morrison's claims are barred by *Heck v. Humphrey*. *See* 512 U.S. 477

(1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 486-87; *see also Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005)(en banc)("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"(citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F. 3d at 695 (quoting *Heck*, 512 U.S. at 487).

Morrison's claims that his constitutional rights have been violated during the course of his criminal proceedings would necessarily imply the invalidity of his conviction and sentence and are therefore barred by *Heck*. *See Baskett v. Papini*, 245 Fed. Appx. 677, 678 (2007)(affirming dismissal of section 1983 action as *Heck*-barred because prisoner's allegations necessarily called into question the validity of the probation revocation); *see also Butterfield v. Bail*, 120 F. 3d 1023, 1024 (9th Cir. 1997)(denying challenge to the procedures used in denial of parole under Heck as it "necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement.") There is no basis for relief in

3

this Court.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Morrison fails to state a claim upon which relief may be granted as his claims are barred by *Heck*. This defect cannot be cured by amendment; leave to amend would be futile. This matter will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect, pursuant to Rule

24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

DATED this 14th day of May, 2024.

Susan P. Watters
United States District Court Judge