IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF YELLOWSTONE,<br>TERRY HALPIN, EMILY JO ROARK,<br>TYLER DUGGER,<br><br>　　　　Defendants. | CV 24-46-BLG-SPW<br><br>ORDER |

　　　Plaintiff James Morrison filed a complaint generally alleging the Defendants violated his civil rights in conjunction with his state criminal proceedings and bench trial. This Court determined Morrison's claims were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and he, accordingly, failed to state a federal claim for relief. The Complaint was dismissed. *See generally*, (Doc. 7.) Morrison filed a motion to alter the judgment pursuant to Rule 59(e). (Doc. 10.) Morrison has also filed a notice of appeal. (Doc. 11.)

　　　In general, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F. 3d 1163, 1166 (9th Cir. 2001). This rule is not absolute. The filing of one of the motions referenced in Federal Rule of Appellate Procedure 4

renders a notice of appeal ineffective pending disposition of such motion. *See* Fed. R. App P. 4(a)(4)(A). A Rule 59 motion to alter or amend the judgment is included within the motions that render the notice of appeal ineffective. Fed. R. App P. 4(a)(4)(A)(iv), (vi).

Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178 (1962). Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F. 3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc)(per curiam)(internal quotation marks omitted)." "A rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (citation and quotation marks omitted). A litigant may not use Rule 59(e) "to relitigate old matters or to raise arguments…that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008).

The showing required under Rule 59(e) is difficult to meet. Such a motion requires "a substantive change of mind" by the Court. *Miller v. Transamerican*

2

*Press, Inc.*, 709 F. 2d 524, 527 (9th Cir. 1983). Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F. 3d 772, 780 (9th Cir. 2009)(citation omitted); *see also 389 Orange Street Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999); *McDowell*, 197 F. 3d at 1255. The requirement of such a showing is a "high hurdle." *Weeks v. Bayer*, 246 F. 3d 1231, 1236 (9th Cir. 2001).

Morrison has not met the high bar to warrant alteration or amendment in the present matter. Morrison largely repeats complaints and claims, some of which are purely speculative in nature, that he previously presented. Morrison was convicted in Yellowstone County District Court following a bench trial held on January 25, 2024. Morrison sought to challenge purported irregularities that occurred in his criminal proceedings. This Court explained that Morrison's allegations that his constitutional rights were violated during the course of his criminal proceedings would necessarily imply the invalidity of his conviction and sentence and, therefore, were barred by the doctrine of *Heck. See* (Doc. 7 at 2-4.) Nonetheless, Morrison persists in his claims that Terry Halpin, Yellowstone County Clerk of District Court, refused to file various *pro se* documents he submitted to the Court,

and that Tyler Dugger, his stand-by attorney appointed through the Office of the State Public Defender, conspired to aid in Morrison's conviction. (Doc. 10.) These same contentions, however, were considered and previously rejected. Morrison has not presented newly discovered evidence, nor has he demonstrated that there has been a recent change in controlling law that would support his position under Rule 59(e). Put another way, nothing Morrison presents in his motion gives the Court pause or has caused a "substantive change of mind" relative to the prior order. *McDowell*, 197 F. 3d at 1255.

While Morrison disagrees with this Court's ruling, such disagreement does not demonstrate clear error or that the Court's ruling was manifestly unjust. *Id.* Rule 59(e) is not a vehicle for unsuccessful claims to be considered anew and Morrison has not provided one of the permissible grounds to support his motion. Accordingly, this Court declines to alter or amend its previous ruling.

Morrison's motion to alter or amend the judgment (Doc. 10) is DENIED.

DATED this 12 day of July, 2024.

Susan P. Watters
United States District Court